IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CALVIN S. WEDINGTON #18915-037  :
        Plaintiff

                                                    :

      v.                                            Civil Action No. DKC-07-2992

                                                      :

UNITED STATES OF AMERICA, et al.,
        Defendants

## **MEMORANDUM**

      Calvin S. Wedington, a prisoner at FMC - Rochester, Minnesota, filed a civil rights action seeking copies of a report referenced at his sentencing hearing more than twenty-five years ago. For the purpose of preliminary review, Wedington will be granted *in forma pauperis* status pursuant to 28 U.S.C. §1915(a).

      Wedington complains that racial and religious discrimination led prison personnel to confiscate property kept in his cell, including materials pertinent to his 1982 murder conviction and sentencing in this district before the Honorable Frank A. Kaufman in Criminal No K-82-86. Wedington does not seek redress for the alleged discrimination or for other conditions of confinement set forth in his complaint: instead, he seeks mandamus relief wherein this court would require prison personnel to return the legal materials to him. Alternatively, he asks this court to provide injunctive relief by providing a copy of the "AO-235 Report" referenced by Judge Kaufman at Wedington's September 15, 1982 sentencing hearing.[1] He also claims he is entitled to a copy of the Report under the Freedom of Information Act ("FOIA").

      The "AO-235" form, entitled "Report on Committed Offender," is a working document provided by the sentencing judge to the Bureau of Prisons. It focuses on information that will be

---

[1] Wedington believes the content of the report would benefit his chance of parole.

useful to the United States Parole Commission for setting an offender's presumptive release date. Like the Pre-Sentence Investigation Report, the Report on Committed Offender is not ordinarily provided to the offender. While certain documents may be provided to an offender prior to parole determination proceedings, the release of the documents to the offender is not absolute. *See* 18 U.S.C. § 4208(b) and c). In any event, it is unlikely the Report was provided to Wedington at the time of his sentencing. Should he seek a copy of the Report in connection with an upcoming parole hearing, he should request it from the Bureau of Prisons as appropriate and if denied, pursue any appropriate administrative remedies before seeking redress here.

Under the Federal Freedom of Information Act, federal agencies are required upon request to promptly make available records where the request reasonably describes the records requested and is made in accordance with published rules. *See* 5 U.S.C. §552(a)(3)(A). Records which are properly requested must be provided in any form or format requested by the person if it is readily reproducible in that form. *See* 5 U.S.C. §552(a)(3)(B). The purpose of FOIA is to open government agency action to public scrutiny. *See NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 149 (1975).

Federal courts and the clerks' offices that receive court pleadings, however, are not "agencies" covered under the FOIA. *See* 5 U.S.C. § 551; *Smith v. United States District Court for the Southern District of Illinois*, 956 F.2d 647, 649 n.1 (7th Cir. 1992); *see also Cook v. Willingham*, 400 F. 2d 885, 885 (10th Cir. 1968); *Harris v. United States*, 121 F.R.D. 652, 654 (W.D.N.C. 1988).

|  |  |
|---|---|
|   November 21, 2007   | _____/s/_____ |
| (Date) | DEBORAH K. CHASANOW |
|  | United States District Judge |